# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER MCARTHUR,<br>        Plaintiff, | |
| v. | No. 3:20-cv-1027 (SRU) |
| GRAB N GO MART,<br>        Defendant. | |

## ORDER ON MOTION TO DISMISS

Plaintiff Alexander McArthur commenced this action, *pro se*, asserting claims of sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendant moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The motion is unopposed. For the reasons that follow, Defendant's motion is granted.

## I.      STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (cleaned up). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (cleaned up).

Because McArthur filed his complaint *pro se*, I must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). However, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (cleaned up).

## II.     STATEMENT OF FACTS[1]

On May 1, 2020, McArthur went to Grab N Go Mart in New Haven, Connecticut. *See* Compl., Doc. No. 1 at 2. While there, McArthur began negotiating with an unnamed store clerk ("Clerk") to purchase a "King Diamond Gold Necklace ("Necklace"). *Id.* During that encounter,

---

[1] The following facts are drawn from the complaint and, for purposes of the instant motion, I assume them to be true.

the Clerk blurted out "do not blow me" while looking at McArthur and smiling. *Id.* In

McArthur's view, "don't blow me" is a synonymous with "fellatio," which is an oral sex act. *Id.*

Having interpreted the Clerk's comments as "inappropriate," McArthur protested because he has

previously been sexually assaulted. *Id.* Even so, the Clerk became "stimulated" by McArthur's

protest. *Id.* After the incident, McArthur notified the New Haven Police Department. *Id.*

     McArthur maintains that the Clerk's comment violates the Title VII of the Civil Rights

Act of 1964. He seeks damages of "unspecified millions and millions of dollars." *Id. at 3.*

## III.    DISCUSSION

     Title VII prohibits discrimination in employment; it is "available only to employees (or

prospective employees) seeking redress for the unlawful employment practices of their

employers." *Kern v. City of Rochester*, 93 F.3d 38, 45 (2d Cir. 1996) (cleaned up). An employee

is defined as "an individual employed by an employer." 42 U.S.C. § 2000e(f). If a plaintiff is

not an employee, "the Title VII claim must fail." *Salamon v. Our Lady of Victory Hosp.*, 514

F.3d 217, 226 (2d Cir. 2008).

     McArthur has not alleged an employee-employer relationship with Grab N Go Mart. Nor

could he. The nature of the allegations suggest that McArthur was merely a patron of Grab N Go

Mart. McArthur entered the store seeking to purchase an item. He refers to the alleged

perpetrator as a store clerk, rather than a colleague. Taken together, McArthur is not an employee

of Grab N Go Mart, which means that he cannot not avail himself of the protections afforded by

Title VII. *See Salamon*, 514 F.3d at 226.

## IV.    CONCLUSION

     For the reasons discussed above, Defendant's motion to dismiss is **GRANTED** and the

action is **DISMISSED** with prejudice.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of February 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge